UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTOS RENE MENDEZ JUAREZ
(A-221-489-931),

          Petitioner,

   v.

WARDEN, Mesa Verde Detention Center,
et al.,

          Respondents.

Case No.  1:26-cv-02045 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Santos Rene Mendez Juarez (A-221-489-931), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his detention violates his due process rights under the Fifth Amendment (claim one) and exceeds statutory authority (claim two).  (Id.)  For the following reasons, this Court recommends that the petition be granted as to claim two.

I.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION

On March 14, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On March 16, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in Alvarez-Maciel v. Noem, No. 1:26-cv-01318 DC CDK, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) and Barajas Ortiz v. Chestnut, No.1:26-cv-01167 DC SCR, 2/24/2026 Order (Doc. No. 11) (E.D. Cal. Feb. 24, 2026).  (ECF No. 5.)  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction.  (Id.)  On March 18, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 8.)  In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225 but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the two cases cited by the district court in the order filed March 16, 2026.  (ECF No. 8 at 1-3.)  On March 18, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the two cases cited in the March 16, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 10.)  In addition to granting petitioner's immediate release, the district court ordered that should respondents attempt to re-detain petitioner, they shall provide petitioner with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is

2

not a flight risk or a risk to community safety.  Id.; see Barajas Ortiz, No. 1:26-cv-01167 DC SCR, 2/24/2026 Order at 10 (ECF No. 11) ("Here, on the other hand, the government has made no determination regarding Petitioner's flight or safety risk and has not previously released Petitioner from detention.  Accordingly, because the court will release Petitioner on statutory rather than constitutional grounds, the court finds that the regulatory protections provided in 8 C.F.R.§ 1236.1(c)(8) are the proper standard for Petitioner's initial bond hearing, should he be detained at some later point following his release pursuant to this order.").  The district court ordered that the order granting the preliminary injunction did not address circumstances in which respondents may detain petitioner in the event petitioner becomes subject to a final order of removal and petitioner receives notice of that final order of removal.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On March 20, 2026, this Court ordered that if further briefing was needed to decide the petition on the merits, within seven days respondents may file an answer.  (ECF No. 11.)  If respondents did not file an answer by this deadline, the petition would be deemed submitted on the record currently before the court without any additional briefing.  (Id.)  Seven days passed from the March 20, 2026 order and respondents did not file an answer.  See Docket.  Briefing is closed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated 8 U.S.C. § 1226(a) by detaining petitioner without a hearing (claim two).  See Alvarez-Maciel, 2026 WL 496948; Barajas Ortiz, No. 1:26-cv-01167 DC SCR, 2/24/2026 Order (Doc. No. 11).  As the district court explained in Alvarez-Maciel and Barajas Ortiz, respondents' contention that § 1225 applies to noncitizens who have been present in the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225.  See 3/18/2026 Order; Alvarez-Maciel, 2026 WL 496948, at *4; Barajas Ortiz, 1:26-cv-1167 DC SCR, 2/24/2026 Order at 7-8 (Doc. No. 11).  Because resolution of petitioner's claim alleging violation of § 1226(a) provides the relief requested, the Court need

3

not reach petitioner's due process claim.

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in <u>Rodriguez v. Bostock</u>, No. 25-6842 (9th Cir.) and <u>Carballo v. Andrews</u>, No. 25-cv-6533 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued ordering that if respondents attempt to re-detain petitioner, they shall provide petitioner with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

## III.     MOTION TO DISMISS

Petitioner named as respondents Warden of the Mesa Verde Detention Center and Director of the ICE San Francisco Field Office.  (ECF No. 1 at 3.)  Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the Mesa Verde Detention Center.  (ECF No. 7.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent ...."  <u>Doe v. Garland</u>, 109 F.4th 1188, 1195 (9th Cir. 2024).  As petitioner challenged only his present physical confinement, a core habeas challenge, the Warden of the Mesa Verde Detention Center, where petitioner was detained, is the only proper respondent.  Accordingly, respondents' motion to dismiss should be granted.

## IV.     CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to claim two.

2.  A permanent injunction be issued ordering that should respondents attempt to re-detain petitioner Santos Rene Mendez Juarez (A-221-489-931), they shall provide petitioner with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  Respondents' motion to dismiss (ECF No. 7) be granted and all respondents but for Warden of the Mesa Verde Detention Center be dismissed.

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 31, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Juar2045.157.imm/2

5